TOWN OF EASTCHESTER, Appellant, v. JEROME A. KOCH, Respondent.— In an action, under article 15 of the Real Property Law, to determine the effect of covenants restricting the use of land, judgment entered on the decision of an Official Referee dismissing the complaint unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

■

RALPH WARE, Respondent, v. RUTH W. TAYLOR, as Executrix of DUNCAN S. TAYLOR, Deceased, Appellant.— Action by a real estate broker to recover from the estate of a decedent damages equal to the amount of commissions which plaintiff allegedly would have received from a prospective purchaser of property owned by decedent if decedent had not arbitrarily refused to proceed with a sale allegedly agreed upon. Defendant appeals from a judgment of the City Court of Mount Vernon in favor of plaintiff in the sum of $595.25, rendered after a trial before the court without a jury. The plaintiff alleged that subsequent to the making of a written agreement, by which decedent employed plaintiff as a broker to procure a purchaser for the property in question at a price of $12,500 or any other price "mutually satisfactory" between decedent and the purchaser and agreed to pay plaintiff a 5% commission, plaintiff procured a prospective buyer who offered to pay decedent $11,000 "net" for the property and to pay plaintiff's commissions, and further alleged that decedent accepted said offer, that the purchaser procured was ready, willing and able to complete the purchase, and that decedent thereafter refused to enter into a contract of sale or to complete the sale, by reason of which plaintiff was deprived of commissions which otherwise would have been received from the purchaser. Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. In our opinion, the proof adduced on trial disclosed that decedent never accepted any offer made by the prospective purchaser but instead agreed with plaintiff when plaintiff informed him that he had a buyer who would pay $11,000 that he would sell the property for $11,000 "net", any commission to plaintiff to be paid by the purchaser. There was no proof that an acceptance of such offer by the purchaser was communicated to decedent, nor that after such an acceptance decedent refused to negotiate further. There was no proof that plaintiff, a broker employed by decedent, had authority to accept decedent's offer on behalf of the purchaser and without communicating with the latter, nor that decedent's wife was authorized to receive an acceptance on his behalf or to state that decedent would not negotiate further terms, nor that she ever communicated an acceptance to decedent. There was, therefore, no agreement as to a "mutually satisfactory" price brought about by plaintiff under the terms of the original contract of his employment, nor did plaintiff ever produce to decedent's knowledge a purchaser ready, able and willing to accept decedent's modified offer of sale, under the terms of decedent's new or modified agreement with plaintiff to the effect that he would sell the property to such a purchaser produced by plaintiff who would pay plaintiff's commissions. Findings of fact numbered 5, 6, 7, 8 and 9 are reversed. New findings will be made, consistent with the foregoing. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur. Settle order on notice.